James H. Whitworth
vs } No. 51645
United Elec. Rwys. Co.

RESCRIPT

March 1, 1927

BLODGETT, J. Heard on defendant's motion for a new trial on the ground that the verdict is contrary to the evidence and the weight thereof; that the verdict is contrary to the law; that the amount of damages awarded is excessive, and that the defendant has discovered new and material evidence.

In this case the plaintiff recovered a verdict of $2750 for injuries to his right foot and ankle received as he was alighting from a car belonging to the defendant company on September 9, 1921, about eight o'clock a. m., in the vicinity of Hoyle Square at or near the junction of Westminster Street and Cranston Street.

The plaintiff claims that as he got off the running-board of the car, he stepped upon a rail; that his foot slipped upon the rail and went into an excavation between two rails that came together forming what is called a frog at a switch, and that his right ankle was sprained and that he received certain other injuries to his foot and ankle. The negligence on the part of the defendant of which the plaintiff complains is that the car of the defendant was stopped at this particular location, where, for some time, work had been going on in changing the surface of the street and that a dangerous condition existed there, and that the car should not have been stopped at that point. The plaintiff also testifies that the conductor of this open car was up at the forward end of the car and gave no warning as to the condition of the street at that place. The testimony is somewhat contradictory in regard to the actual condition of the roadway at that time.

This case was tried before Mr. Justice Baker and a jury on June 6th, 7th and 8th, 1922, and the jury returned a verdict of $750. In his rescript Mr. Justice Baker went very carefully into the evidence and granted a new trial and as far as the record goes, it appears that there was no new evidence at this trial.

Although the question of concurring verdicts has been suggested, the Court feels that this is a matter which is not for this Court to pass upon.

The Supreme Court in the case of Joslin vs Rhodes, Ex. &c. No. 6253, holds that "it is for this court (Supreme Court) rather than the Superior Court to apply the rule as to the force to be given successive concurring verdicts."

The real issue in this case is the question of the plaintiff's contributory negligence, and the Court feels that a fair and reasonable construction of the evidence shows that the plaintiff should have seen the rail upon which he put his foot, and that he took a chance that he could leave the car safely.

The Court, therefore, is of the opinion that the plaintiff was guilty of contributory negligence, that the amount of the verdict is excessive, and that the defendant should be granted a new trial.

Defendant's motion for a new trial granted.

For Plaintiff: John J. Cooney, Cooney & Cooney.

For Defendant: Alonzo R. Williams, Clifford Whipple.